**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| NATHANIEL JAMES COLEY | ) | CASE: A18-55646-JWC |
| ADRIENNE MICHELLE COLEY | ) | |
| | ) | |
| **DEBTORS** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION**
**AND EXEMPTIONS AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The plan as proposed will extend to one hundred seven (107) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

2.

The Debtors' payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

3.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtors' Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period(s) ending December 31, 2012; December 31, 2013; December 31, 2014 and December 31, 2015. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

4.

The Debtors have failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

5.

The Debtors have failed to file certificates of attendance for credit counseling, in violation of 11 U.S.C. Section 109(h).

6.

The Debtors have failed to file the sixty (60) days of pay advices pursuant to 11 U.S.C. Section 521(a)(1).

7.

The Trustee requests business cash flow reports from January though May 2018 in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

8.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments of $683.00 per month in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

9.

The Debtors' Schedule J includes an expense for a Ford F250 truck, however, this is not a household expense, thus creating projected disposable income for this plan. 11 U.S.C. Section 1325(b)(1)(B).

10.

The Chapter 13 schedules fail to reflect the Debtors' rental income, thereby preventing the contribution of all projected disposable income to this plan in possible violation of 11 U.S.C. Section 1325(b)(1)(B).

11.

The Debtors have failed to provide copies of Cash Flow Reports requested in writing by the Trustee and due on or about May 7, 2018, which may show lack of good faith and prevents the Trustee from determining the accuracy and veracity of the schedules. 11 U.S.C. Section 1325(a)(3), 11 U.S.C. Section 1325(a)(6), 11 U.S.C. Section 1325(b)(1)(B) and Bankruptcy Rule 1007.

12.

The Trustee requests proof of funding of a tax escrow account pursuant to Schedule J which reflects a monthly real estate tax payment obligation of $125.00 per month. 11 U.S.C. Section 1325(a)(6).

13.

The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $6,000.00 per month, and tax escrow slips have not been submitted, thereby indicating the proposed plan is infeasible, 11 U.S.C. Section 1325(a)(6).

14.

The Chapter 13 Schedules reflect an exemption of $21,000.00 in O.C.G.A. Section 44-13-100(a)(6), an amount that exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100.

15.

Official Form 122C-1 fails to disclose all of the Debtors' gross household income received during the six (6) months preceding the filing of this case. 11 U.S.C. Section 101(10A).

16.

The Chapter 13 plan proposes to directly fund debts owed fro two vehicles in violation of 11 U.S.C. Section 1322(a)(3) which requires the same treatment of all claims within a particular class. The proposed treatment may also violate the requirements of 11 U.S.C. Section 1325(a)(3).

17.

The plan fails to treat the Internal Revenue Service as priority secured in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

18.

The plan fails to correctly treat First American Title Lending in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 1325(a)(5).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Debtors' exemptions, deny Confirmation of the Debtors' plan, and to dismiss the case

This the 21st day of May, 2018.

Respectfully submitted,

/s/_____
Ryan J. Williams
Attorney for the Chapter 13 Trustee
State Bar No. 940874

## CERTIFICATE OF SERVICE

Case No: A18-55646-JWC

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Exemptions And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
NATHANIEL JAMES COLEY
ADRIENNE MICHELLE COLEY
164 BRENTWOOD LANE
LOCUST GROVE, GA  30248

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Exemptions And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com

This the 21st day of May, 2018.

/s/_____
Ryan J. Williams
Attorney for the Chapter 13 Trustee
State Bar No. 940874
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303